**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEFFREY V. BOWMAN,**
                **Plaintiff,**

-vs-                                     **Case No. 6:08-cv-403-Orl-18KRS**

**MICHAEL STUPUR,**
**STEVEN RIZIK,**
**CHARLES GRAHAM,**
                **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 2)** |
| **FILED:** | March 18, 2008 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

    On March 18, 2008, *pro se* Plaintiff Jeffrey V. Bowman filed a complaint against "federal agents" Steven Rizik, Michael Stupar, and Charles Graham. Doc. No. 1. Bowman also filed an application under 28 U.S.C. § 1915 to proceed without prepayment of fees. Doc. No. 2. This is the second lawsuit Bowman has filed against these defendants in this court. *See Bowman v. Rizik*, Case No. 6:07-cv-1493-Orl-21-KRS ("*Bowman I*"). A comparison of the complaints in the two lawsuits reveals that the instant complaint appears to duplicate some of the allegations of the prior complaint. Bowman's first lawsuit was dismissed without prejudice for failure to prosecute after he failed to file

an amended complaint setting forth a cause of action and the basis of this Court's jurisdiction. *Bowman I*, doc. no. 10.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Bowman's Complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n. 1 (5th Cir.1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction even when a party has not challenged it. *See, e.g.*, *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

I.   **ALLEGATIONS OF THE COMPLAINT.**

The complaint, which consists of one long, narrative paragraph, alleges that the defendant federal agents began to "impose their presence in and around [his] jobs and [his] places of residence" after his brother's arrest on drug charges on September 11, 1998. Doc. No. 1 at 2. Bowman alleges

there is "a strong case for sexual harassment," and the "blatant disregard for me and my family privacy, has ultimately led to my unemployment[,] debilitating family structure." *Id*.

Bowman states that the troubles began while he worked for Sears in North Carolina, and Graham was his department manager. *Id.* at 2. At some later unspecified point, Bowman worked at Lowes in North Carolina where his hours were reduced from forty hours per week down to six hours per week. *Id*. Bowman claims that non-party S/A Tom Pope instigated "the situation" and that Bowman was written up by non-party assistant store manager Paul. *Id*.

Bowman subsequently relocated to Orlando, Florida, where he claims "we were met with the same hostile aggression/environment." *Id*. Bowman complains of frivolous write-ups and termination of his employment with Lowes. *Id*. at 2-3. Bowman alleges that non-party S/A Bob Heina tried to help him obtain unemployment benefits. *Id.* at 3.

Bowman also alleges that unnamed federal agents kidnapped and sexually harassed his "lady friends." *Id* at 3. Bowman seeks $100 million dollars in damages for "pain and suffering, mental anguish, destroying [his] family, and [his] jobs that he can no longer return to. . . ." *Id*. at 3.

## II.    ANALYSIS.

It is unclear what claims Bowman intends to assert. Although Graham is alleged to have supervised Bowman's work at Sears, he does not state what Graham did that was wrongful. The complaint also fails to allege any wrongdoing by Defendants Rizik or Stupor. To the extent that sexual harassment is alleged, the harassment was directed at his "lady friends" and Bowman has not shown that he has standing to assert any claim related to the alleged harassment.

Absent an identifiable cause of action, it is unclear what, if any, basis for federal jurisdiction exists in this case. Bowman does not specify any federal constitutional or statutory provisions that

he believes were violated. Accordingly, it does not appear that this Court could exercise federal question jurisdiction. 28 U.S.C. § 1331.

In order for the Court to exercise diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. Bowman does not allege the state in which the defendants are citizens. Therefore, the complaint is insufficient to establish that this Court could exercise diversity jurisdiction. 28 U.S.C. § 1332.

For the foregoing reasons, the complaint is facially insufficient and should be dismissed. The Eleventh Circuit has held that when a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend, if appropriate. *See Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under § 1915(e)(2)(B)).

In the event Bowman elects to file an amended complaint, he must specifically identify what actions taken by the defendants allegedly violate the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Bowman must identify the specific provision of the Constitution, federal law, or treaty that was violated. He must explain the actions taken by the defendants that allegedly violated the cited provision, describe how he was harmed by the defendant's actions, and describe the relief sought from the Court. If Bowman intends to assert a claim based on state law, he must show that this Court could exercise diversity jurisdiction, as discussed above. Bowman should indicate the date or dates on which the alleged violations occurred. Bowman must also identify the defendants with reasonable specificity by providing their complete names and addresses. Finally, Bowman should not include allegations about persons not named as defendants.

Bowman's complaint also requests that the Court appoint an attorney to represent him in this case. Doc. No. 1 at 3. It is well established that "[a] plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). No exceptional circumstances exist to support appointment of counsel in this case.

### III. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the complaint filed in this action, doc. no. 1, be **dismissed without prejudice**, and that the motion to proceed *in forma pauperis*, doc. no. 2, be **denied without prejudice**. I recommend that Bowman's request to appoint counsel, doc. no. 1, be **denied**. I further recommend that the Court give Bowman eleven days from the date of the ruling on this Report and Recommendation to file an amended complaint that sets forth a cause of action and that states the basis of this Court's jurisdiction. If an amended complaint is filed, Bowman may filed a renewed motion to proceed *in forma pauperis*.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 20, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy